IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| 3730 NORTH SOUTHPORT LLC, ) | |
| ) | Case No. 10-34937 |
| Debtor. ) | |
| ) | Hon. A. Benjamin Goldgar |
| ) | |
| ) | Hearing Date: September 29, 2010 |
| ) | Hearing Time: 9:30 a.m. |

**FINAL ORDER AUTHORIZING LIMITED USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**

This matter coming before the court on the Motion of 3730 North Southport, LLC., ("Debtor") as debtor-in-possession, for entry of a final order authorizing it to use cash collected, including pre-petition and post-petition rents from the property at 3730 North Southport Avenue, Chicago, Illinois, which may be cash collateral of Southport Avenue Investors, LLC (" Investors"), Ravenswood Bank ("Ravenswood") and Bridgeview Bank Group. ("Bridgeview") on a final basis, granting adequate protection, and for other relief [Docket No. 32 ] ("Motion");

The Court having considered the Motion and having conducted such hearing as is appropriate under the circumstances;

Debtor, as debtor-in-possession, having represented to the Court that the estate would suffer immediate and irreparable harm if debtor-in-possession is not authorized to use property which may be cash collateral of Investors and Ravenswood and Bridgeview;

It appearing from the facts recited in the Motion that Investors holds a mortgage and assignment of rents, and has a lien upon the rents collected from the property at 3728-3730 N. Southport, Chicago, Illinois ("Southport Property"), and that Northbrook and Bridgeview each have recorded mortgages which may be liens upon the rents collected from the Southport Property;

1

**IT IS HEREBY ORDERED** as follows:

1. For purposes of this final order, the term "Cash Collateral" shall be deemed to include all cash and cash equivalents of Debtor which arise from its ownership of the Southport Property, including all rents collected from tenants from the Southport Property, either prior to, on or subsequent, August 4, 2010 to (the "Petition Date").

2. Subject to the terms and conditions contained in this final order, Debtor may use Cash Collateral only in accordance with the budget attached to this order as <u>Exhibit A</u> ("Budget") and in compliance with the other terms of this final order. Debtor may deviate from the amount of any itemized category of expense on the Budget by up 5% to pay the actual amount of an invoice which it receives from the vendor of the service or goods for that category of expense. No other deviation shall be permitted without first obtaining the express written consent of Investors, Northbrook and Bridgeview or an order of Court, except for emergency purposes for the building maintenance or repair, in an amount not to exceed $1,000.00. If Debtor does make an emergency expenditure, it will promptly notify Investors. Investors reserves the right to challenge those expenditures.

3. As adequate protection for the interests of Investors and Northbrook and Bridgeview in Cash Collateral as of the Petition Date, Investors and Northbrook and Bridgeview are hereby granted, pursuant to Sections 361 and 363 of the Bankruptcy Code, a valid, perfected, and enforceable security interest and lien upon all assets and property of the Estate to the extent such property arises from the ownership of the Southport Property, including all proceeds, rents and profits of the Southport Property, to the same extent and in the same priority as Investors and Northbrook and Bridgeview held a pre-petition valid, perfected, security interest, in the same type or category of property of Debtor immediately prior to the filing of its bankruptcy petition. As adequate

protection to Investors, Debtor shall pay Investor certain interest as set forth in more detail in the Budget.

4. Debtor and Investor agree that this Final Order shall in no way prejudice (i) Investors' rights, including, but not limited to, its right at any time to seek relief from the automatic stay on any legal or equitable grounds (including the absence of adequate protection) and, in the event of an default by Debtor pursuant to this Final Order, to seek an order prohibiting Debtor from using the rents or vacating this Final Order; or (ii) Debtor's right to seek to use Cash Collateral for purposes other than as delineated in the Budget.

5. Notwithstanding anything herein to the contrary contained herein, Debtor's right to use Cash Collateral shall expire on the earliest to occur of (the first such occurrence being hereinafter referred to as the "Termination Event"): (a) the entry by this Court of an order reversing, amending, supplementing, staying, vacating, or otherwise modifying the terms of this Final Order; (b) the conversion or dismissal of Debtor's Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code; (c) the appointment of a trustee; (d) the material failure by the Debtor to perform any of its obligations under this Final Order and failure to cure within seven days after receipt of written notice of the default; and (e) the occurrence of the effective date or consummation of a plan of reorganization. On or after the Termination Event, Debtor shall immediately cease using any of the Cash Collateral; provided, however, that Debtor reserves the right to seek Court authorization to continue to use such Cash Collateral, and Investors reserve the right to oppose such relief.

6. Debtor shall provide all creditors with a notice of the entry of this order within two business days after the order has been entered.

DATED: **2 7 OCT 2010**            ENTERED:

2 7 OCT 2010

_____

*[signature]*

Honorable A. Benjamin Goldgar
United States Bankruptcy Judge

Abraham Brustein (ARDC #0327662)
Julia Jensen Smolka (ARDC #6272466)
Derek D. Samz (ARDC #6290656)
DiMonte & Lizak, LLC
216 W. Higgins Rd.
Park Ridge, IL 60068
Tel: (847) 698-9600
Fax: (847) 698-9623
Email: abrustein@dimontelaw.com
jjensen@dimontelaw.com
dsamz@dimontelaw.com

C:\MyFiles\KDS\JEJ\3730 N. Southport LLC\Orders\Final Order Authorizing Debtor to Use Cash Collateral.wpd

4

3730 North Southport LLC

Monthly Budget

Income

| | |
|---|---|
| Chase Bank | $14,566.67 |
| Access Group | $ 5,000.00 |
| | $19,566.67 |

Expenses

| | |
|---|---|
| Adequate Protection Payment - Southport Investors LLC | $9,953.29 |
| Real Estate tax Escrow | $ 4,166.67 |
| Property Insurance | $   238.45 |
| | $ 14,358.41 |

